# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |
|---|---|
| DR. LA'SHAWN LITTRICE and LADRENA STEWART, <br>         Plaintiffs <br><br>      v. <br><br> TOGETHER CHICAGO, <br>         Defendant | No. 25 CV 12769 <br><br> Judge Jeremy C. Daniel |

## ORDER

The defendant's motion to dismiss [35] is granted. Any amended complaint is due on or before August 21, 2026.

## STATEMENT

### <u>Background and Legal Standard</u>

The following description of events underlying these claims is drawn from the complaint and presumed true for the purpose of resolving this motion. *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011). Plaintiffs La'Shawn Littrice and Ladrena Stewart, African American women, were employees of Defendant Together Chicago ("Together"). (R. 27 at 1.)[1] They allege that they received positive evaluations and promotions, as well as reported discrimination in the workplace "multiple times." (*Id.*) After they complained, they allege that their work conditions worsened, their co-workers became hostile toward them, they were assigned additional duties outside of their stated job descriptions, and the job descriptions were later changed to justify the retaliation against them. (*Id.*) At some point, the Equal Employment Opportunity Commission was involved, and the plaintiffs were terminated shortly after that. (*Id.*) They allege violations of Title VII of the Civil Rights Act of 1964 for race and sex discrimination (Count I), hostile work environment (Count II), retaliation (Count III), and retaliatory discharge (Count IV). 42 U.S.C. § 2000e, *et seq.*; (*Id.* at 2.) The defendant moves to dismiss for failure to comply with Federal Rule of Civil Procedure 8 and for failure to state a claim under Rule 12(b)(6). (*See generally* R. 36.)

---

[1] For ECF filings, the Court cites to the page number(s) in the document's ECF header unless citing to a particular paragraph or other page designation is more appropriate.

A Rule 12(b)(6) motion tests whether the plaintiff has provided "enough factual information to state a claim to relief that is plausible on its face" and has raised a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (citing *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)). In deciding a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party. *Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021). Dismissal is proper where "the allegations . . . , however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

## Analysis

### Compliance with Rule 8

The defendant first argues that the plaintiffs fail to comply with Federal Rule of Civil Procedure 8. A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Under Federal Rule of Civil Procedure 10(c), "[a] copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes." The plaintiffs filed a two-page complaint with a basic factual background, as well as sixty-nine pages of emails and other documents as exhibits. (*See generally* R. 27, R. 29.)

Reading the complaint in its entirety, the Court finds that the plaintiff has failed to comply with Rule 8. While the narrative provides some factual allegations, many of the statements are conclusory in nature, and the exhibits create more questions than the narrative can answer. Merely attaching several exhibits to a complaint without explanation does not constitute a "short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2); *see United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003); *Pearson v. Gesner*, 125 F.4th 400, 406–07 (2d Cir. 2025).[2] The Court chooses not to dismiss the complaint based on this violation. But the plaintiffs are advised that the complaint should state factual allegations such that the

---

[2] Other district courts have, persuasively, held the same. *See Craig v. Conn. Dep't of Mental Health & Addiction Servs.*, No. 3:16-CV-2100 (JCH), 2017 WL 5892193, at *7 n.7 (D. Conn. Nov. 28, 2017) ("While exhibits may supplement facts plead in a complaint, the plaintiff cannot refer the court to exhibits as a substitute for following Rule 8's requirement to state claims with sufficient clarity that the defense, and the court, have notice of what is being plead and can assess the merits of the complaint."); *see also Eaves v. Castro*, No. 1:09-cv-01647-SKO PC, 2010 WL 2817069, at *3 (E.D. Cal. Jul. 16, 2010) ("Attaching a large number of exhibits to a complaint will result in the complaint being dismissed for failure to comply with Federal Rule of Civil Procedure 8, as it will render the complaint to be neither a 'short' nor 'plain' statement of Plaintiff's claims.").

allegations provide notice to the defendant of a legal violation. Exhibits are meant to supplement the complaint, not to supplant it, especially where the exhibits contain far more factual background than the complaint itself.

**Failure to Exhaust Administrative Remedies**

The defendant next argues that the plaintiffs failed to exhaust their administrative remedies. Title VII requires a plaintiff to first file a charge with the Equal Employment Opportunity Commission (the "EEOC") or the Illinois Department of Human Rights (the "IDHR") before proceeding with an independent civil action. 42 U.S.C. § 2000e-5(f)(1). Plaintiff Littrice perfected her charge with the EEOC on October 24, 2023. (R. 53, Ex. A at 2.) She received a right-to-sue notice from the EEOC on November 8, 2023, which gave her ninety days within receipt of the notice to sue. (R. 29, Ex. A at 2.) The exhibits do not reflect a similar charge or right-to-sue notice for Stewart.

Both plaintiffs later cross-filed charges with the IDHR and the EEOC on February 29, 2024. (R. 53, Ex. B at 5; R. 29 at 35.) They received notices of dismissal from the IDHR on July 21, 2025, which gave them the option to either request a review of their investigation files, seek a substantial weight review from the EEOC, or to commence civil actions in a state circuit court within ninety days of receipt of the notice. (R. 53, Ex. C at 10–11, Ex. D at 16–17.) The plaintiffs have not provided a similar right-to-sue notice from the EEOC in connection with these charges, though they state in their response that they received right-to-sue letters from the EEOC on April 27, 2026. (R. 44 at 3.) Because the IDHR right-to-sue notices do not provide a pathway to file suit in federal court, the plaintiffs may not rely on these notices as a basis for this lawsuit.

Because the record at present does not reflect the April 27, 2026, notices, the Court grants the defendant's motion to dismiss and need not address sufficiency arguments at this juncture. The plaintiffs have leave to amend their complaint, which should include factual allegations relating to the updated right-to-sue notice from the EEOC, which would be required for this lawsuit to proceed.

Date: July 30, 2026

JEREMY C. DANIEL
United States District Judge

3